# EXHIBIT A

# Wal-Mart Stores Inc.

## Fax Coversheet

**Date:** 05/22/20
**From:** DoNotReply@wal-mart.com
**Email:** DoNotReply@wal-mart.com

**To:**
**Fax:** 4792775991
**Subject:** STORE:isp.s05752.us
**Notes:** Confidential Wal-Mart Stores, Inc.

**This fax and any files transmitted with it are CONFIDENTIAL and intended solely for the individual or entity to whom they are addressed. If you have received this in error please destroy it immediately.**

RICCI & FAVA, LLC
16 Furler Street, 2nd Floor
Totowa, NJ 07512
(973) 837-1900
Attorneys for Plaintiff(s)

| | |
|---|---|
| TIFFANY EICHLER | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISON-BERGEN COUNTY<br>DOCKET NO.: BER-L-2849-20 |
| v. | CIVIL ACTION |
| WALMART, JOHN DOE 1-10<br>ABC CORP 1-10, DEF. 1-10, GHI CORP. 1-10<br>JKL, 1-10. (names being fictitious) | |
| Defendant(s), | SUMMONS |

STATE OF NEW JERSEY, to the above-named Defendant(s):

**WALMART**

The Plaintiff, named above, has filed lawsuit against you in the Superior Court of New Jersey. The complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when filed. You must also send a copy of your answer or motion to the Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is listed above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 5/20/20

Donald F. Phelan<br>Donald F. Phelan, Clerk

Name of Defendant to be served: **Walmart**
Address for Service: **174 Passaic Street**
**Garfield, NJ 07026**

*\* $105.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES*

RICCI, FAVA, L.L.C
16 Furler Street
Totowa, New Jersey 07512
(973) 837-1900
Attorney for Plaintiff
Ronald J. Ricci, Esq. ID#033531996

| | |
|---|---|
| TIFFANY EICHLER, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| | DOCKET NO.: |
| v. | |
| | COMPLAINT, JURY DEMAND, |
| | DESIGNATION OF TRIAL COUNSEL |
| WALMART, JOHN DOE | AND CERTIFICATION |
| 1-10, ABC CORP 1-10, DEF 1-10, GHI CORP. | |
| 1-10, JKL 1-10 (names being fictitious) | |
| | |
| Defendants. | |

Plaintiff, TIFFANY EICHLER residing at 71 Lincoln Avenue, in the Township of Rochelle Park, County of Bergen, and State of New Jersey, by way of Complaint and Jury Demand against the defendants, says:

### FIRST COUNT

1. On or about July 14, 2019, and for some time prior thereto, defendant(s), Walmart and/or John Doe 1-10 and/or ABC Corp., was/were the sole owner(s) and/or was/were in the sole control and/or management and/or was/were otherwise responsible for the premises located at 174 Passaic Street, Garfield, New Jersey.

2. On the date aforesaid, defendant(s), Walmart, and/or John Doe 1-10 and/or ABC Corp., by and through its/their employee(s), agent(s), representative(s) and/or assign(s), defendant(s), DEF Corp. and/or John Doe 11-20, failed to properly maintain, inspect and/or

repair the aforesaid premises. Specifically, the plaintiff, Tiffany Eichler, while she was walking was caused to slip and fall, causing her injury.

3. On the date aforesaid, it was the duty of defendant(s) Walmart, and/or John Doe 1-10 and/or ABC Corp., and/or DEF Corp. and/or John Doe 11-20, to keep its/their/the aforesaid premises in a safe condition, so that persons, and especially the plaintiff, when being in the area, would not be injured. The defendant(s) Walmart, and/or John Doe 1-10 and/or ABC Corp., and/or DEF Corp. and/or John Doe 11-20, breached that duty by failing to properly maintain, inspect and/or repair its/their/the aforesaid premises and was/were otherwise careless, reckless and/or negligent in allowing this dangerous, hazardous and/or unsafe condition to exist and/or remain. Without warning the plaintiff of this dangerous, hazardous and/or unsafe condition to exist and/or remain. Without warning the plaintiff of this dangerous, hazardous and/or unsafe condition defendant(s), Walmart, and/or John Doe 1-10 and/or ABC Corp., and/or DEF Corp., and/or John Doe 11-20, permitted and invited the plaintiff to use the aforesaid premises, causing the plaintiff, Tiffany Eichler, to be injured.

4. As a direct and proximate result of the defendant(s) failure to properly maintain, inspect and/or repair the aforesaid premises and to protect against the injury herein complained of, plaintiff, Tiffany Eichler, was injured as more specifically set forth above and did then and there receive severe and permanent injuries and incurred considerable medical expenses in being examined and treated for her injuries and was prevented from performing her usual activities.

5. By reason thereof, plaintiff, Tiffany Eichler, has incurred and will incur loss of income and medical expenses for treatment of said injuries.

WHEREFORE, plaintiff, Tiffany Eichler demands Judgment against the defendant and/or John Doe 1-10, ABC Corp., DEF Corp., and John Doe 11-20, jointly, severally and in the alternative for:

a) Compensatory damages;

b) Prejudgment interest;

c) Costs of suit; and

d) For such other relief as the Court may deem just and equitable.

## SECOND COUNT

1. Plaintiff repeats each and every allegation contained in the First Count of the Complaint and Jury Demand and incorporated the same by reference as if fully set forth herein.

2. The manner in which defendant(s) Walmart, and/or John Doe 1-10 and/or ABC Corp. and/or DEF Corp., and/or John Doe 11-20, maintained, inspected and/or repaired and/or failed to maintain, inspect and/or repair the aforesaid premises, constituted a nuisance, and the condition of same on the date of the accident as set forth aforesaid, constituted a nuisance.

3. As a result, plaintiff, Tiffany Eichler was caused to be injured and suffer great pain, discomfort, anguish, anxiety, medical and other expenses, damage and permanent damage, and will in the future continue to suffer all of the above.

WHEREFORE, plaintiff, Tiffany Eichler, demands Judgment against the defendant Walmart, and/or John Doe 1-10, ABC Corp., DEF Corp., and John Doe 11-20, jointly, severally and in the alternative for:

a) Compensatory damages;

b) Prejudgment interest;

c) Costs of suit; and

d) For such other relief as the Court may deem just and equitable.

### THIRD COUNT

1. Plaintiff repeats each and every allegation of the First and Second Counts of the Complaint and Jury Demand and incorporates the same by reference as if fully set forth herein.

2. Defendant(s), Walmart, and/or John Doe 1-10 and/or ABC Corp., and/or DEF Corp., and/or John Doe 11-20, had actual and/or constructive notice of the dangerous, hazardous and/or unsafe condition of the aforesaid premises and/or exterior staircase, and of the fact that the condition was such that it constituted a nuisance, but failed to take proper precautions to make this area reasonably safe for the plaintiff, Tiffany Eichler, or for other persons whose injuries were reasonable foreseeable.

3. As a result, plaintiff, Tiffany Eichler, was caused to be slip and fall and to suffer great pain, discomfort, anguish, anxiety, and medical and other expenses, damages and permanent damage, and will in the future continue to suffer all of the above.

WHEREFORE, plaintiff, Tiffany Eichler, demands Judgment against the defendants, Walmart., and/or John Doe 1-10, ABC Corp., DEF Corp., and John Doe 11-20, jointly, severally and in the alternative, for

a) Compensatory damages;

b) Prejudgment interest;

c) Costs of suit; and

d) For such other relief as the Court may deem just and equitable.

## FOURTH COUNT

1. Plaintiff repeats each and every allegation of the First through Third Counts of the Complaint and Jury Demand and incorporates the same by reference as if fully set forth herein.

2. On or about July 14, 2019, Defendant(s) Walmart., and/or GHI Corp. and/or John Doe 21-30, by and through its/their employee(s), agent(s), representative(s) and/or assign(s), defendant(s), JKL Corp. and/or John Doe 21-40, was/were responsible for the maintenance inspection and/or repair of the premises located at 174 Passaic Street, Garfield, New Jersey.

3. Defendant(s), Walmart, and/or GHI Corp. and/or JKL Corp. and/or John Doe 21-30, performed its/their work in such a careless, reckless and/or negligent manner so as to create a dangerous, hazardous and/or unsafe condition which caused the plaintiff, Tiffany Eichler, to be injured.

4. As a result of said defendant(s)' negligence, recklessness and/or carelessness, plaintiff, Tiffany Eichler, sustained severe and permanent bodily injury, suffered great pain and was unable to perform his usual duties and occupation and was compelled to obtain medical aid and treatment in an endeavor to alleviate and cure his injuries.

5. By reason thereof, plaintiff, Tiffany Eichler, also incurred and did sustain damage for medical expenses.

WHEREFORE, plaintiff, Tiffany Eichler, demands Judgment against the defendants, Walmart, and/or GHI Corp., JKL, Corp., and John Doe 21-30, jointly, severally and in the alternative, for:

    a) Compensatory damages;

    b) Prejudgment interest;

  c)  Costs of suit; and

  d)  For such other relief as the Court may deem just and equitable.

|  |  |
|---|---|
| | RICCI, FAVA, L.L.C |
| Dated: May 14, 2020 | By: _____ |
| | RONALD J. RICCI, ESQ |
| | Attorney for Plaintiff |

## CERTIFICATION PURSUANT TO R. 4:5-1

  I hereby certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

  I further certify that there is/are no other parties who should be joined in the within action.

|  |  |
|---|---|
| | RICCI, FAVA, L.L.C. |
| Dated: May 14, 2020 | By: _____ |
| | RONALD J. RICCI, ESQ. |
| | Attorney for Plaintiff |

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, RONALD J. RICCI, ESQ., is hereby designated as trail counsel in this matter.

Dated: May 14, 2020

RICCI, FAVA, L.L.C

By:_____
RONALD J. RICCI, ESQ.
Attorney for Plaintiff

## JURY DEMAND

The plaintiffs hereby demand a jury trial as to each and every issue in this action so triable.

Dated: May 14, 2020

RICCI, FAVA, L.L.C

By:_____
RONALD J. RICCI, ESQ.
Attorney for Plaintiff

## Case Details | Case Number: BER-L-002849-20

- Case Caption: EICHLER TIFFANY VS WALMART
- Court: Civil Part
- Case Track: 2
- Case Type: PERSONAL INJURY
- Law Firm Case ID:

Venue: BERGEN
Case Status: Active
Judge: DE LA CRUZ, ESTELA, M

Case Initiation: 05/15/2020
Jury Demand: YES - 12 JURORS
Team: 3

## Transaction Information

- Transaction ID: LCV20202985842
- Documents Received:
  COMPLAINT
  Case Information Statement

Received by eCourts On: 05/15/2020

Total Payment Amount: $250.00